UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

Eastern District of Kentucky
**F I L E D**

DEC 1 3 2012

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

GLENN D. ODOM, II,                        )
                                          )
        Plaintiff,                        )        Civil Action No. 12-CV-79-HRW
                                          )
v.                                        )
                                          )
SHAWN MCKENZIE, *et al.*,                 )        **MEMORANDUM OPINION**
                                          )        **AND ORDER**
        Defendants.                       )

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Glenn D. Odom, II, is an inmate confined in the Kentucky State

Penitentiary in Eddyville, Kentucky. Proceeding without an attorney, Odom has filed

a complaint pursuant to 42 U.S.C. § 1983 alleging that in August 2011, officials of

the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky,

where he was confined at the time, were deliberately indifferent to his safety by

ignoring his warnings that other EKCC inmates would physically assault him, placing

him in a situation which enabled another inmate to physically assault him, and

denying him necessary medical treatment. The defendants, all EKCC officials, are:

(1) Shawn McKenzie, Administrator, Segregation Unit; (2) Carla Sparks, Assistant

Administrator, Segregation Unit; (3) Kathy Litteral, Deputy Warden of Security; and

1

(4) Gary Beckstrom, Warden. Odom asserts claims against the defendants in both their individual and official capacities.

The Court must conduct a preliminary review of Odom's complaint because he has been allowed to pay the filing fee in installments and is asserting claims against government officials. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A district court must dismiss any claims that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Odom's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Odom's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court will permit some of Odom's claims to proceed, dismiss other claims, and will deny as moot his motion serve the defendants.

## FACTUAL ALLEGATIONS

Odom alleges that in late August 2011, he began filing grievances alleging that EKCC Officer "J." Holbrook was harassing him. In retaliation, Holbrook allegedly told other inmates that Odom was a "rat," a "snitch," and a child molester, and that

2

Odom had given him information which caused him to "shakedown" (search) their cells. Odom contends that Holbrook's statements about him were false, but that other inmates believed Holbrook's statements, blamed him for the shakedown of their cells, and threatened to physically harm him because he was a "snitch."

When Odom complained to Ombudsman John Dunn about Holbrook's actions, Dunn removed Holbrook from the segregation unit and transferred Odom to another segregation unit. Odom states that he "repeatedly" notified all of the defendants in writing about Holbrook's harassment and retaliatory actions and the threats of physical harm from other inmates. Odom further alleges that he requested permission to take his recreation break alone, but that the defendants ignored his requests and took no action to protect him from physical harm. On November 20, 2011, a Hispanic inmate physically attacked Odom, inflicting bodily injuries and causing Odom to suffer pain, suffering, and emotional distress.[1]

Odom was later charged with fighting in connection with the November 27, 2011, incident, and he claims that the hearing officer ignored his version of the event and improperly found him guilty of fighting. According to the "Disciplinary Report Form" Odom attached to his complaint, the hearing officer sanctioned Odom to a 15-

---

[1] Odom alleged that he was attacked on November 27, 2011, [D. E. No. 1, p. 5] but his attached documentation reveals that he was attacked on November 20, 2011. *See* Accident / Extraordinary Occurrence Report [D. E. No. 1-6; Disciplinary Report Form, D. E. No. 1-9]

day assignment to the Disciplinary Segregation, but he did not order Odom to forfeit any good-time credits. [D. E. No. 1-9]

Odom alleges that the four defendants knew before November 20, 2011, that he faced a serious risk of physical harm at the hands of other inmates but that they ignored that risk of harm. Odom alleges that this action violated his Eighth Amendment right to be free from cruel and unusual punishment and constituted negligent and intentional infliction of emotional distress under Kentucky law. Odom also lists 42 U.S.C. § 1985(3) as an additional legal basis for his claims.[2] Odom alleges that he filed a grievance about his claims, but that it was not answered.

Odom seeks compensatory damages and punitive damages from each defendant. He also seeks a preliminary and permanent injunction directing EKCC officials to allow inmates who have been threatened with physical harm by other inmates to take their recreation breaks alone.

## DISCUSSION

Odom states no Eighth Amendment claim as to his challenge to his disciplinary

---

[2] Odom appears to treat his state-law negligent infliction of emotional distress claim and his § 1985(3) claim as a joint cause of action, stating:

*Ground Two*: 42 U.S.C. § 1985(3) negligent infliction of emotional distress, and (4) intentional infliction of emotional distress.

[D. E. No. 1, p. 3]

4

conviction. A prisoner's liberty interests are implicated by disciplinary decisions which result in an atypical and significant hardship in relation to the ordinary incidents of prison life, or which lead to the loss of good-time credits. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The EKCC Disciplinary Report Form reveals that Odom did not lose any good-time credits, but that he was instead assigned to the disciplinary segregation unit for only 15 days, a short-term sanction which does not qualify as an "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Carter v. Tucker*, 69 F. App'x 678, 679 (6th Cir. 2003); *Jones v. Kentucky Dept. of Corrections*, No. 5:07CV-P109-R, 2009 WL 3807073, at *3 (W.D. Ky. Nov. 12, 2009); *McGowan v. Cantrell*, No. 1:05-cv-334, 2007 WL 2509704, at *13 (E.D. Tenn. Aug. 30, 2007) (rejecting prisoner's claim that his placement in punitive segregation, absent the loss of good-time credits, violated his Eighth Amendment rights). Odom's challenge to his disciplinary sanction will be dismissed for failure to state a claim upon which relief can be granted.

Odom seeks damages from the defendants in their official capacities for their alleged violations of his Eighth Amendment rights, *i.e.*, their collective failure to protect him from a known source of physical harm. However, suing a state official in his or her official capacity is, in essence, a suit against the state itself, a claim which the Eleventh Amendment precludes a plaintiff from pursuing in federal court.

5

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" within the meaning 42 U.S.C. § 1983. *Id.*; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Odom's Eighth Amendment claim seeking damages from the defendants in their official capacities will be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Odom's conspiracy claims under 42 U.S.C. § 1985(3) will also be dismissed because Odom has not alleged facts supporting such a claim. To establish a conspiracy claim under § 1985(3), a plaintiff must demonstrate:

> (1) the existence of a conspiracy; (2) intended to deprive any person or class of persons the equal protection or equal privileges and immunities of the law; (3) an act in furtherance of the conspiracy; and (4) injury or deprivation of a federally protected right.

*Royal Oak Entm't, LLC v. City of Royal Oak*, 205 F. App'x 389, 399 (6th Cir. 2006). Furthermore, "'there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Other than merely listing § 1985(3) as a jurisdictional basis of his claims, Odom has neither alleged the existence of a conspiracy among the defendants nor alleged any fact suggesting that the conduct of

6

which he complains of was motivated by racial or any other class-based animus.

Odom may proceed with his Eighth Amendment failure-to-protect claims against the EKCC defendants in their individual capacities. The Eighth Amendment protects an inmate from prison officials' deliberate indifference to a substantial risk of serious harm to that inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Prison officials who identify an inmate as a "snitch" to other inmates, with intent to provoke an assault or the fear of assault, demonstrate deliberate indifference to the inmate's safety and may be liable under the Eighth Amendment. *Farmer*, 511 U.S. at 833; *Comstock v. McCrary*, 273 F.3d 693, 699 n.2 (6th Cir. 2001); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *Catanzaro v. Michigan Dept. of Corrections*, No. 08-11173, 2009 WL 4250027, at *11 (E.D. Mich. Nov. 19, 2009); *David v. Hill*, 401 F. Supp. 2d 749, 756-57 (S.D. Tex. 2005).

Odom alleges that prior to being attacked on November 20, 2011, he gave written notice to both Shawn Mckensie and Carla Sparks that Officer Holbrook had told other inmates that he was a "rat" and had caused their cells to be searched; that other inmates had threatened to physically harm him because of Holbrook's statements to them, and that Mckensie and Sparks ignored Odom's claims and forced him to take his recreation time with the inmates who had allegedly threatened to harm him. [D. E. No. 1, pp. 4-5] Odom also alleges that he "repeatedly" wrote Deputy

7

Warden Kathy Litteral and Warden Gary Beckstrom ". . . about the continuous issue
but all complaints were completely ignored." [*Id.*, p. 4][3]

As a district court must accept a plaintiff's factual allegations as true at the
initial screening stage, *Twombly*, 550 U.S. at 555-56, Odom has alleged a possible
Eighth Amendment failure-to-protect claim against McKensie, Sparks, Beckstrom,
and Litteral, in their individual capacities. They must respond to Odom's Eighth
Amendment claims and to his pendent state law claims alleging both negligent and
intentional infliction of emotional distress.

Finally, Odom seeks both a preliminary and a permanent injunction ordering
EKCC officials to take specific action to protect inmates who have been threatened
with physical harm. However, Odom is no longer confined in the EKCC. A
prisoner's claim for injunctive relief becomes moot once he is transferred to a
different facility. *Raines v. Lomax*, 66 F. App'x 544, 545 (6th Cir. 2003); *Wilson v.
Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Price v. Caruso*, 451 F. Supp.2d 889, 901
(E.D. Mich. 2006). Odom's request for preliminary and permanent injunctive relief
will therefore be denied as moot, as will his motion requesting that the defendants be
served with process.

_____

[3] The information which Odom states that he conveyed to Warden Beckstrom and Deputy
Warden Litteral (about facing imminent bodily harm from other inmates) is not as detailed as the
information which he claims to have imparted to defendants McKensie and Sparks on the subject,
but at the screening stage, it suffices to require Beckstrom and Litteral to respond to his claims.

8

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1.     Odom's motion for service of summons and complaint on the named defendants [D. E. No. 8] is **OVERRULED** as **MOOT**;

2.     Odom's Eighth Amendment claims against defendants Shawn McKensie, Carla Sparks, Warden Gary Beckstrom, and Deputy Warden Kathy Litteral, in their official capacities are **DISMISSED WITH PREJUDICE**;

3.     Odom's Eighth Amendment claim challenging his disciplinary conviction is **DISMISSED WITH PREJUDICE**;

4.     Odom's claims under 42 U.S. C. § 1985(3) are **DISMISSED WITH PREJUDICE**;

5.     Odom's request for a preliminary and permanent injunction is **OVERRULED** as **MOOT**;

6.     Defendants Shawn McKensie, Carla Sparks, Warden Gary Beckstrom, and Deputy Warden Kathy Litteral must respond to Odom's Eighth Amendment claims against them in their individual capacities **and** to his pendent state law claims;

7.     The Clerk of the Court shall forward by certified mail, return receipt requested, one copy of the complaint [D. E. No. 1] and this Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of

Corrections, Frankfort, Kentucky. General Counsel shall have twenty (20) days from the date of entry of this order to complete and file a notice of waiver of service against any or all of the named defendants. If a waiver is not filed within twenty (20) days, the Clerk shall **SUBMIT** the record for consideration;

8.     The answer to the complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if service is required as to any defendant, the Court will enter an order directing the United States Marshals Service to effectuate service of process and the answer(s) must be filed no later than 20 days after service of process;

9.     Odom shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**; and

10.     For every further pleading or other document Odom submits for consideration, he shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Odom shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date on which he mailed a true and correct copy of his document to each defendant or their counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been**

10

**filed but does not include the certificate of service of copies, it will disregard the document.**

This 13th day of December 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

11